UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| A.C. JACKSON, | ) |
|     Movant, | ) |
| v. | ) No. 1:23-cv-00040-SNLJ |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

On July 18, 2013, a two-count indictment charged movant with felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and as an armed career criminal. *United States v. Jackson*, No. 1:13-cr-00067-SNLJ, ECF 1. On January 14, 2014, a jury found movant guilty on both counts. The Court sentenced movant to 210 months of imprisonment, followed by a three-year term of supervised release. Movant appealed, and on May 5, 2015, the Eighth Circuit Court of Appeals affirmed movant's conviction and sentence. *See id.* at ECF Nos. 93-94.

On June 22, 2015, movant filed his first motion to vacate, correct, or reduce his sentence under 28 U.S.C. § 2255. *See Jackson v. United States*, No. 1:15-cv-00115-SNLJ (E.D. Mo.). The Court denied and dismissed the motion to vacate on November 5, 2015. *Id.* at ECF Nos. 14 and 15. On May 19, 2017, the Eighth Circuit denied movant's petition for authorization to file a successive habeas application. *Id.* at ECF No. 29.

Movant filed the instant motion to vacate, correct, or reduce sentence on January 9, 2023, seeking to reduce his sentence to 180 months.[1] He alleges the United States Sentencing Guidelines Manual was not followed properly, and his criminal history points were calculated incorrectly. Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit.  As a result the Court may not grant the requested relief and this action must be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED as SUCCESSIVE**. [ECF No. 1]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of June, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] While the instant motion titled as a "Motion for Compassionate Release for Extraordinary and Compelling Reasons pursuant to 18 U.S.C. § 3582(C)(1)(a)," it is an attempt to launch a collateral attack on movant's sentence. Such claims must be brought under § 2255. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly").